## Case No. 1,302.

### BENJAMIN v. HART.

[4 Ben. 454;[1] 4 N. B. R. 408, (Quarto, 138.)]

District Court, S. D. New York. Jan. Term, 1871.

#### APPEAL IN BANKRUPTCY—FORM OF BOND.

1. In a suit in equity under the jurisdiction created by the bankruptcy act, a decree was entered for the plaintiff. Within ten days thereafter the defendant gave notice of an appeal to the circuit court, as required by the eighth section of the act, to the clerk of the court and to the plaintiff, but gave no bond as that section requires. After the ten days had expired, he presented to this court a bond for approval, as a bond on the appeal. The bond was entitled in the circuit court, with the title of the cause, was in the proper amount, and referred to an appeal "to reverse the final decree rendered in the above entitled suit by the judge of the district court," but did not in any other way state the decree appealed from. *Held*, that the right of appeal given by the eighth section cannot be enlarged by the court.

2. That, as no bond was given within the ten days, no appeal could now be allowed.

3. That, if the bond was correct, there was no reason why it should not be approved.

4. That, as there was in the bond no statement of the court which rendered the decree, except by a reference to the title of the cause, and as the cause was entitled in the circuit court, the bond was not a sufficient bond and could not be approved.

5. That, as no bond was given within the ten days, the issuing of execution on the decree could not be stayed.

[In equity. Bill by Edward Benjamin against Julius Hart. From a decree for complainant, defendant appeals, and presents his bond on appeal for approval. Bond not approved.]

C. H. Woodbury, for plaintiff.

C. F. Whittemore, for defendant.

BLATCHFORD, District Judge. This is a suit in equity. The final decree, which was in favor of the plaintiff, was entered December 31st, 1870. The defendant, within ten days after the entry of the decree, gave notice to the clerk of this court and to the plaintiff, as required by section 8 of the bankruptcy act, (this being a suit in equity in this court under the jurisdiction created by that act,) that he claimed an appeal to the circuit court from the decree of this court. But the defendant did not, at the time of claiming such appeal, give or file any bond as required by such 8th section. That section provides, that no appeal shall be allowed "unless the appellant, at the time of claiming the same, shall give bond in manner now required by law in cases of such appeals," nor unless the appeal shall be claimed and notice thereof be given to the clerk and to the opposite party, within ten days after the entry of the decree appealed from. The defendant neither gave nor filed any bond within the ten days. Now, after the expiration of the ten days, a bond

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

is presented to me to be approved, with a view to its being given and filed as and for the bond on such appeal. It is quite clear that, as no bond was given within the ten days, no appeal can now be allowed. The right of appeal given by the 8th section cannot be enlarged by this court. In re Alexander, [Case No. 160.] Still, if the bond is in proper form, and was properly executed, and is in a proper amount, and the sureties are sufficient, there is no reason why I should not approve it, as a bond which would be a proper one, if given in time, leaving it to the appellee to move the appellate court to dismiss the appeal, if such a course shall seem proper to him.

The bond is executed by the defendant and by two sureties. It is dated January 11th, 1871. It was sealed and delivered and acknowledged by the principal and one of the sureties on that day, and by the other surety on the next day. It is entitled in the circuit court for this district, with the name of the plaintiff and the name of the defendant. Then follows the bond, which is for $6,500 penalty, the decree being for $3,121.10. The condition of the bond is as follows: "Whereas the above-named Julius Hart has prosecuted an appeal to the circuit court of the United States for the southern district of New York, to reverse the final decree rendered in the above entitled suit by the judge of the district court of the United States for the southern district of New York, now, therefore, the conditions, &c." The only reference in the bond to the decree appealed from is the foregoing reference to it as a decree rendered "in the above entitled suit." The names of the parties to the decree are not given otherwise than by a reference to the title at the head of the bond, nor is there any statement as to who the party is in whose favor the decree was rendered, except what may be gathered from the statement that Julius Hart has prosecuted an appeal to reverse the decree, nor is there any statement as to the court in which the decree was rendered, except the statement that it was rendered "in the above entitled suit," and what may be gathered from the fact that the appeal is stated to be to the circuit court for this district. The title of the bond is thus made by the bond itself a necessary part of it, and, reading the bond with the title, the decree appealed from is stated to be a decree rendered by the circuit court. The bond should have been entitled in the district court. The printed form of bond used in this case is the one proper to be used on an appeal from the circuit court to the supreme court, and, as printed, is entitled in the circuit court. The plaintiff is entitled to a bond clearly and accurately stating by what court the decree appealed from was rendered. This is not such a bond.

[This view is independent of the question as to whether the written word "Circuit" was inserted in place of the written word "Dis-

trict" in the title of the bond (the written word "District" having been previously put in place of the printed word "Circuit" in such title), after the bond had been executed by one of the sureties, and before it was executed by the other surety, and was so inserted without the knowledge or consent of the surety who first executed it. On that question I express no opinion.][2]

It follows that I cannot approve the bond as proper in form, and that, as no bond was given within the ten days, I cannot stay the issuing of execution on the decree.

